Kidder v. Bennett et al.

could find for the defendant, and, consequently, none on which' a judge sitting in place of a jury could so find.

Under the provision of the statute (Sec. 19), that the answers of the garnishee, if not excepted to or denied, shall be taken to be true, we may consider that any part of such answers not so excepted to or denied, should be considered as true; in other words, such undenied parts of the answers are equivalent to evidence in the case; and if there had been in the undenied portions of the answers in this proceeding any statements which, if they had been regularly in evidence, could have justified a verdict or decision for the defendant, the decision and judgment herein should be sustained, but as no such statements appear, it is not possible so to sustain them.

The judgment must be reversed, and the case remanded to the district court of the second district for a new trial.

CLARENCE P. KIDDER v. JOSEPH F. BENNETT ET AL.

*January 24, 1880.*

NO WRIT OF ERROR IN CHANCERY.

In New Mexico, a writ of error does not lie in chancery cases. Such cases taken up on writ of error will be dismissed upon motion.

Writ of Error to the District Court for the county of Grant.

This is a motion to dismiss a writ of error in a proceeding in chancery.

————, for defendant in error.

The first authority with reference to writs of error is the organic act, which says: Writs of error, bills of exception, and appeals, shall be allowed to the supreme court, in all causes from the final decisions of said district courts, under such regulations as may be prescribed by law. Organic Act, sec. 10, page 10.

Our statutes state that the supreme and district courts shall have power to issue all writs granted by law to the circuit and district courts of the United States, and the supreme court to establish all rules and forms of proceedings touching such writs in conformity with the known general principles, usages and objects of such process: Comp. Laws, p. 102, sec. 70.   Also the said supreme and district court, in the exercise of chancery jurisdiction arising in all cases and matters of equity, shall conform in their decisions, decrees, and procedure to the laws and usages peculiar to such jurisdiction in this territory and the supreme, circuit and district courts of the United States :   Comp. Laws, page 102, sec. 9.

The law also provides, that hereafter no writ of error shall be allowed by the supreme court of this territory, except within one year after the rendition of the judgment on which said writ of error is based, and that said supreme court shall make rules for the government of the practice in writs of error in common law cases:   Stat. June 9, 1874, p. 44.

Under the above law the supreme court adopted the rules of Jan. 27, 1874, with reference to writs of error.   See amendments to rules, etc., 1, 2, 3, 4, 5, 6.

It is a well recognized fact that writs of error at common law only were allowed in common-law cases, and appeals in chancery cases: Tomlin's Law, etc., Title Appeal, vol. 1, p. 81.   The above principle is well recognized.

In the court of the United States appeals only lie in chancery cases, writs of error only in common-law cases: *McCullum v. Eager*, 2 How., 61.

If a writ of error was proper under our rules, this transcript is not sufficient:   Rule 6, " Writs of Error."   Clerk may make return to the same by transmitting a true copy of the record and of all proceedings in the cause :   Rule 6, Article, " Writs of Error."

Kidder v. Bennett et al.

In this case the clerk does not certify that the pretended transcript is a true copy of record.

There must be a *placita*, or hearing, otherwise the writ will be dismissed.

PRINCE, Chief Justice: This is a chancery case originating in the county of Grant. The defendants demurred to the complaint, and after a hearing at the December term, 1876, the demurrer was sustained, and the complaint dismissed. To this the plaintiff excepted.

On December 19, the plaintiff's attorney moved for a writ of error, which motion was granted, and the writ of error allowed.

By said writ of error, the case came into this court.

At the opening of this term counsel for respondents moved to dismiss the cause and strike the same from the docket for seven assigned reasons, mentioned in the motion papers. Of these it is not necessary to refer to but one, that is, "because a writ of error does not lie in chancery cases."

However much it is to be regretted that technical differences as to methods of appeal, now abrogated in many states, should continue to exist in New Mexico, yet that does not change the law and practice of the territory, which make certain important distinctions between proceedings in law and equity. Under our practice it is true that "a writ of error does not lie in chancery cases."

The motion, therefore, is granted, and the writ of error dismissed.